# In the United States Court of Federal Claims

FILED
JUN 14 2012
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DENIS P. McALLISTER,

        Plaintiff,

v.

UNITED STATES,

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 11-872C

(Filed: June 14, 2012)

Back Pay Act, attorney suing for attorney's fees, direct suit, money-mandating source.

*Denis P. McAllister*, Esq., Glen Cove, New York, *pro se*.

*Scott R. Damelin*, Trial Attorney, Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, with whom were *Tony West*, Assistant Attorney General, *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne Davidson*, Director, and *Todd M. Hughes*, Deputy Director, for defendant.

## OPINION

MARGOLIS, *Senior Judge*.

    This matter comes before the Court on defendant's Motion to Dismiss, filed February 27, 2012. The Court finds that plaintiff has failed to state a claim on which relief can be granted because the Federal Back Pay Act does not allow an attorney to directly sue for fees and because the Federal General Schedule is not a money-mandating source with respect to plaintiff. Thus, the Court grants defendant's motion.

### I. BACKGROUND

    Plaintiff Dennis P. McAllister is *pro se*. In his Amended Complaint, he alleges that he is an attorney admitted to practice in New York and that he represented Stephen Patrick, a Nuclear Materials Courier for the National Nuclear Security Administration ("NNSA"), in connection with proceedings before the United States Department of Energy ("DOE"). He alleges that the NNSA and DOE determined that Patrick was no longer suitable to perform his duties under the requirements of the DOE's Human Reliability Program ("HRP") and indefinitely suspended Patrick without pay beginning on August 28, 2008. Plaintiff alleges that he represented Patrick at an October 15, 2008 certification review hearing before the DOE and that he prepared for the

hearing over the course of five weeks in September and October 2008. He alleges that the hearing officer recommended that Patrick be recertified and returned to his duties and that the Deputy Secretary of Energy adopted this recommendation on September 17, 2009. Plaintiff further alleges that Patrick was later placed in pay status retroactive to September 17, 2009, and thus, that Patrick was deprived of wages from August 28, 2008 to September 17, 2009. Plaintiff alleges that on or about October 15, 2009, he filed a verified petition for reasonable attorney's fees with the hearing officer that recommended Patrick's recertification, but that the hearing officer dismissed the petition.

Plaintiff seeks $14,656 in attorney's fees for more than 36 hours of work. He claims that he is entitled to relief under the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii), as the prevailing party, based on the NNSA and DOE's withholding of Patrick's wages.

Defendant, the United States, argues that the Back Pay Act alone does not mandate the payment of money damages and plaintiff has failed to identify a separate "money-mandating" source. Thus, according to defendant, either the Court lacks jurisdiction or plaintiff fails to state a claim on which relief can be granted. Alternatively, defendant argues that plaintiff has failed to state a claim on which relief can be granted because under *Knight v. United States*, 982 F.2d 1573 (Fed. Cir. 1993), an attorney may not directly sue for fees under the Back Pay Act.

Plaintiff argues that 5 U.S.C. § 5332, which establishes the General Schedule of basic pay rates for federal employees, satisfies the money-mandating source requirement. Regarding defendant's alternative argument, plaintiff argues that *Knight* is distinguishable. The parties have presented these arguments in their briefs and have waived oral argument.

## II. STANDARD FOR DISMISSAL UNDER RCFC 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss a claim for failure to state a claim on which relief can be granted. This rule, rather than Rule 12(b)(1), which allows a party to move to dismiss for lack of subject-matter jurisdiction, provides the appropriate standard for both issues.[1] In ruling on a 12(b)(6) motion, the Court must assume that all well-pled facts are true

---

[1] *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007) (if the statute that the plaintiff identifies is simply not money-mandating, the Court must dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1), but if the statute is money-mandating and the facts as pled do not fit within the statute's scope, the Court must dismiss the claim on the merits under Rule 12(b)(6) for failure to state a claim on which relief can be granted). Here, plaintiff has identified a money-mandating source, 5 U.S.C. § 5332 (in connection with the Back Pay Act), but has not pled facts that fit within the scope of these statutes because the Back Pay Act does not allow an attorney to directly sue for fees and § 5332 does not authorize a federal employee's attorney to receive pay. *See* discussion *infra* Part III.1-2; *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006) ("The jurisdictional requirement is met if a statute or regulation is 'money-mandating.' However, a party bringing suit under the Tucker Act may then lose on the merits if he or she is not one of the persons entitled to pay under the statute or regulation.") (citation omitted).

and draw all reasonable inferences in the nonmoving party's favor. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314-1315 (Fed. Cir. 2006).

### III. ANALYSIS

The Court addresses defendant's alternative argument first.

1. **Direct Suit Under the Back Pay Act.**

The Back Pay Act provides that "[a]n employee of an agency" who is affected by an unjustified or unwarranted personnel action is entitled to withheld pay and reasonable attorney's fees upon correction of that personnel action. 5 U.S.C. § 5596(b)(1), (b)(1)(A).[2] In *FDL Technologies, Inc. v. United States*, the United States Court of Appeals for the Federal Circuit held that similar language in the Equal Access to Justice Act ("EAJA") did not entitle an attorney to direct payment of fees. 967 F.2d 1578, 1580 (Fed. Cir. 1992). "By its terms, [5 U.S.C. § 504(a)(1)] states that the fee award is made *to a prevailing party*, not the prevailing party's attorney. . . . Thus, under the language of the statute, the prevailing party, and not its attorney, is entitled to receive the fee award." *Id.* (emphasis in original). In *Knight v. United States*, the Federal Circuit extended *FDL* to the Back Pay Act, stating that any claim for attorney's fees under the Act belonged to the employee, not his attorneys. 982 F.2d at 1582. "The holding in *FDL* is premised upon the 'prevailing party' language of the [EAJA]. The Back Pay Act's award of fees to 'an employee of an agency' would compel the same result." *Id.* at 1582 n.12. *See also*

---

[2] These sections provide:

> (b) (1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee--
>
> (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect--
>
> (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and
>
> (ii) reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, or under chapter 11 of title I of the Foreign Service Act of 1980, shall be awarded in accordance with standards established under section 7701(g) of this title . . . .

*Aijo v. United States*, 26 Cl. Ct. 432, 434 (1992), *aff'd without opinion*, No. 92-5169, 92-5170, 1993 U.S. App. LEXIS 9800 (Fed. Cir. April 22, 1993) ("The purpose of fee awards authorized by the Back Pay Act is to make the prevailing party financially whole. As the statute requires, any fee award is made to the prevailing party and not the attorney.") (citation omitted).

Plaintiff argues that *Knight* is distinguishable because there, the agency remedied the underlying pay dispute before the employee pursued redress in a federal administrative forum, the attorneys sued in the United States District Court for the District of Alaska, and the Court based its holding on several other issues besides the direct suit issue. However, these differences are irrelevant. The *Knight* Court stated that the Back Pay Act does not allow an attorney to directly sue for fees, and it did not limit this statement to any of the specific circumstances that plaintiff cites. 982 F.2d at 1582 n.12. Moreover, the reasoning of both *Knight* and *FDL* applies to plaintiff's case and precludes plaintiff's recovery. The Back Pay Act states that "[a]n employee" is entitled to attorney's fees. It does not state that an attorney is entitled to attorney's fees. *Knight* and *FDL* are controlling, and plaintiff fails to state a claim on which relief can be granted.

## 2. Money-mandating Source.

Plaintiff fails to state a claim on which relief can be granted for the additional reason that he has not identified a money-mandating source. 28 U.S.C. § 1491(a)(1)[3] grants the Court jurisdiction over claims founded on a contract with the United States or on a Constitutional provision, federal statute, or federal regulation that requires the United States to pay money damages for a violation – a "money-mandating source." *See Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Thus, a plaintiff must identify a money-mandating source to establish jurisdiction. *Ferreiro*, 501 F.3d at 1351. A source is money-mandating if it: (1) imposes specific obligations on the government, and (2) can fairly be interpreted as mandating compensation for damages sustained from the government's breach of those obligations. *Samish Indian Nation v. United States*, 657 F.3d 1330, 1335 (Fed. Cir. 2011). Additionally, the source must be money-mandating with respect to the plaintiff. That is, the plaintiff must belong to the class of plaintiffs that the source authorizes

---

[3]   28 U.S.C. § 1491(a)(1) provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

to recover money damages. *Greenlee County v. United States*, 487 F.3d 871, 876 n.2, 877 (Fed. Cir. 2007).

The Back Pay Act alone is not a money-mandating source, but is only money-mandating where the plaintiff's Back Pay Act claim is based on violations of another money-mandating source. *Mendoza v. United States*, 87 Fed. Cl. 331, 335 (2009). A pay statute such as 5 U.S.C. § 5332 can be a money-mandating source that creates jurisdiction for a Back Pay Act claim. *Id.*; *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). However, a plaintiff may only recover if he or she is one of the persons that the statute entitles to receive pay. *Doe*, 463 F.3d at 1324-1326 (dismissing attorneys' claims for overtime pay where statute gave agency discretion and agency order did not list "attorney" as a covered position); *see also Mendoza*, 87 Fed. Cl. at 335-336 (plaintiffs identified a money-mandating source of law because § 5332 entitled them to the General Schedule pay rates if they could prove they were federal employees).

Here, plaintiff fails to identify a money-mandating source because plaintiff is not one of the persons that § 5332 authorizes to receive pay. Plaintiff is correct that § 5332 can be a money-mandating source. However, § 5332 provides that "[e]ach employee" is entitled to pay according to the General Schedule and makes no mention of any payments to an employee's attorney.[4] Thus, § 5332 is not money-mandating with respect to plaintiff, and plaintiff has failed to state a claim on which relief can be granted.

## IV. CONCLUSION

The Court grants defendant's Motion to Dismiss. The Clerk shall dismiss the Complaint and enter judgment for defendant. The parties shall bear their own costs.

*Lawrence S. Margolis*
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

---

[4] Section 5 U.S.C. § 5332 provides:

> (a) (1) The General Schedule, the symbol for which is "GS", is the basic pay schedule for positions to which this subchapter applies. Each employee to whom this subchapter applies is entitled to basic pay in accordance with the General Schedule.
>
> (2) The General Schedule is a schedule of annual rates of basic pay, consisting of 15 grades, designated "GS-1" through "GS-15", consecutively, with 10 rates of pay for each such grade. The rates of pay of the General Schedule are adjusted in accordance with section 5303.
>
> (b) When payment is made on the basis of an hourly, daily, weekly, or biweekly rate, the rate is computed from the appropriate annual rate of basic pay named by subsection (a) of this section in accordance with the rules prescribed by section 5504(b) of this title.